IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| EARL HAASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV NO. 2002-0110 |
| ) | |
| GOVERNMENT OF THE VIRGIN ) | |
| ISLANDS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OPINION**

Finch, J.

THIS MATTER comes before the Court on the Motion for Partial Summary Judgment filed by Defendant Government of the Virgin Islands on Counts III and IV – Plaintiff Earl Haase's claims for misrepresentation and breach of contract, respectively. The Government raises the affirmative defense of the statute of limitations.

**I.   Facts**

"The standard for awarding summary judgment is well-worn: it is fitting when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(c). . . . In considering the evidence, the court should draw all reasonable inferences against the moving party." El v. Southeastern Penn. Transp. Auth., 479 F.3d 232, 237-38 (3d Cir. 2007). Therefore, while acknowledging that there are two sides to any dispute, in presenting the factual background, the Court only recites those facts, and inferences drawn from those facts, that favor Haase.

In 1991, Haase was offered a position as Wastewater Project Manager with the

Department of Public Works and Environmental Services, Division of Engineering of the Virgin Islands Government. In this position, Haase would be in charge of wastewater collection and treatment throughout the Territory.

The Government promised Haase that he would receive salary increases based on performance, as well as periodic step increases, and that he would be provided a Government vehicle. The Government's commitment to provide Haase with a Government vehicle was expressed in a letter to him dated May 22, 1991, which states: "You will have the use of a Virgin Island Government Vehicle." Haase's understanding regarding the pay increases is documented in a letter to the Government of the Virgin Islands dated November 1, 1991, in which he wrote: "It was further understood that my salary could be adjusted based upon my performance of my duties."

Haase accepted the employment offer in reliance on these representations. He left his previous job and moved to St. Croix with his family in 1991.

When Haase reported to work, he was not given the position that he was promised. Instead, he was given the job of project director and was not placed in charge of wastewater collection or treatment. A Government vehicle was not placed at his disposal. Although his evaluations indicated that his work was exemplary, he did not receive step raises or pay raises. On a number of occasions, the Government refused to consider him for promotions. Haase filed suit against the Government of the Virgin Islands on August 20, 2002.

**II.   Misrepresentation**

Because the Court has not identified a decision of the Supreme Court of the Virgin

Islands defining the tort of misrepresentation, the Court looks to the decisions of the Superior Court, formerly known as the Territorial Court, for guidance.  See Edwards v. HOVENSA, LLC, 497 F.3d 355, 362 (3d Cir. 2007).  A plaintiff stating a claim for unlawful misrepresentation must allege (1) there was a false representation of a material fact; (2) made by the defendant with the intention that the statement should be acted upon by the plaintiff; (3) the plaintiff's reliance upon the statement; and (4) damages.  See L.E.B. Enterprises, Inc. v. Barclays Bank, P.L.C., 1995 WL 789097, at *2 (V.I. Terr. Ct. 1995) (citing Restatement (Second) of Torts § 552). "The tort of negligent misrepresentation requires an *express* representation which is false or misleading at the time it is made."  Id. at *3.

In the Virgin Islands, the statute of limitations for a tort claim such as misrepresentation is two years.  5 V.I.C. § 31(5)(A).  Haase sued the Government of the Virgin Islands on August 20, 2002.  Thus, unless a reasonable jury could find that Haase's claim did not accrue until August 20, 2000, his claim is barred by the statute of limitations.

 "[A]pplication of the equitable 'discovery rule' tolls the statute of limitation when the injury or its cause is not immediately evident to the victim."  Joseph v. Hess Oil, 867 F.2d 179, 182 (3d Cir. 1989).  However, Haase realized very soon after beginning his position that he was not provided with a government vehicle.  He brought this concern to the attention of the Government of the Virgin Islands by a letter dated November 1991.  Thus, no reasonable jury could find that he did not know until the year 2000 that the Government of the Virgin Islands had misrepresented to him that he would be given the use of a Government vehicle.

Similarly, Haase must have known long before the year 2000 that the Government had misrepresented to him that he would receive salary and step raises.  Every year that Haase

worked, he received good evaluations. Yet he did not receive the pay increases that an employee receiving positive evaluations should have received. A reasonable jury could not find that it took Haase nine years to realize that the Government of the Virgin Islands had misrepresented that it would give him periodic pay increases. "[W]here the facts are so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law." Debiec v. Cabot Corp., 352 F.3d 117, 128-29 (3d Cir. 2003). Thus, the Court finds that there is no genuine issue of material fact and that Haase's misrepresentation claim is barred by the statute of limitations as a matter of law.

**III.    Breach of Contract**

Although public sector employment is generally terminable at will, the employment relationship can be subject to express and implied contractual restraints. See Perry v. Sindermann, 408 U.S. 593, 600 (1972); Merrell v. Bay County Metropolitan Transp. Auth., 707 F. Supp. 289, 293 (E.D. Mich. 1989) (holding that implied contract can extend to public sector employment). The Government of the Virgin Islands contracted with Haase to provide him with a Government vehicle as evidenced by its letter to Haase dated May 22, 1991. The statute of limitations for a breach of contract action is six years. 5 V.I.C. § 31(3)(A). Therefore, if Haase's action against the Government for its breach of contract for failure to provide him with a vehicle did not accrue until August 20, 1996, his action is timely.

No reasonable jury could find that it took Haase four years to determine that the Government of the Virgin Islands had breached its agreement to provide him with a Government vehicle. Indeed, on November 1, 1991, Haase documented the problems that he was

experiencing because he had not been provided with a Government vehicle. Haase stated that "[a]fter my arrival there was a problem with the lack of the promised vehicle." Thus, Haase's cause of action accrued at least by November 1, 1991 when he complained that he had not received "the agreed upon vehicle." Therefore his claim that the Government of the Virgin Islands breached its contract with him by failing to give him the use of a Government vehicle is time barred.

  Haase avers: "[The] Director of Personnel for Public Works, stated that I would receive salary increases based on performances and would also receive increases whenever classified employees received step increases, which she said were given regularly." Haase Aff., ¶ 2. The Court finds that the statement to Haase that he would receive salary increases based on performances is too nebulous to constitute a contractual term. Such a statement is "insufficient as a matter of law to give rise to an enforceable promise for a specific position or salary." Walker v. Consumers Power Co., 824 F.2d 499, 501 (6th Cir. 1987); see also Restatement (Second) of Contracts § 32 ("An offer must be so definite in its terms . . . that the promises and performances to be rendered by each party are reasonably certain"). The Government's representation is only a general assurance that Haase would receive rewards commensurate with his contributions. Walker, 824 F.2d at 501-02 ("Such statements indicate no more than what any employee may hope for if that employee remains with a company.").

  However, the agreement that Haase would receive a step increase whenever classified employees received step increases is sufficiently specific to constitute a term of an enforceable contract. Any claim that Haase did not receive a step increase along with the classified employees any time before August 20, 1996 is barred by the six-year statute of limitations.

However, to the extent that Haase alleges that the Government breached its contract with him by not increasing his pay in accordance with the step increases given to classified employees after August 20, 1996, Haase has stated a valid, timely cause of action. See Bohm v. Oregon Inst. of Tech., 868 P.2d 1344, 1346 (Ore. Ct. App. 1994) (holding that each annual decision not to promote plaintiff was separate breach so that statute of limitations ran separately from each breach).

**IV.     Conclusion**

For the foregoing reasons, the Court grants summary judgment on Count III which alleges misrepresentation as time barred.  The Court also grants summary judgment on the allegation of Count IV that the Government of the Virgin Islands breached its agreement to provide Haase with a Government vehicle.  The Court grants summary judgment on Haase's allegation that the Government failed to increase his salary based on his positive performance evaluations for the reason that the Court finds that such term is too indefinite for an enforceable contract to have formed.  The Government and Haase's agreement that the Government would increase his salary along with the step increases periodically given to all classified employees is enforceable.  Thus, the Government's summary judgment motion is denied as to Haase's allegation that the Government breached its contract with him by failing to give him step increases along with the classified employees, during the six years prior to his filing suit.

                                        ENTER:


DATE:  April 4, 2008                    _____/s/_____
                                        RAYMOND L. FINCH
                                        DISTRICT JUDGE