DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

EARL HAASE,

                  Plaintiff,              2002-CV-0110

    v.

GOVERNMENT OF THE VIRGIN ISLANDS,

                  Defendant.

TO:    Lee J. Rohn, Esq.
         Carol Thomas-Jacobs, Esq., AAG
         Melvin H. Evans, Jr., AAG

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court upon Defendant's Motion to Compel Plaintiff and Plaintiff's Experts [sic] Deposition and to Compel Plaintiff to Respond to Defendant's Fourth Request For Production of Documents (Docket No. 159). Plaintiff filed an opposition to said motion. This order is issued without necessity of reply.

While Plaintiff is correct that motions to compel that do not comply with Local Rule of Civil Procedure 37.2 normally will not be considered, because this matter is scheduled for trial in less than two (2) months, in the interest of judicial economy, the Court issues this order disposing of the motion.

*Haase v. Government of the Virgin Islands*
2002-CV-110
Order Denying Defendant's Motion to Compel
Page 2

This matter has been pending since August 2002. A review of the record reveals that factual discovery closed on October 8, 2004 (Scheduling Order, Docket No. 52).[1] In addition, the deadline for all depositions was August 30, 2008. No motion to extend the discovery or deposition deadlines or to re-open discovery appears on the docket. In fact, trial had been scheduled to commence March 23, 2009, but was continued to May 18, 2009. The said motion to compel was filed on March 4, 2009, nearly two (2) weeks after the Court rescheduled the trial date.

The Court previously has adopted the general rule that motions to compel discovery must be filed within the time allowed for the discovery itself.

> Although Fed. R. Civ. P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in timely fashion. *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it. *Clinchfield R. Co. v. Lynch*, 700 F.2d 126, 132 n.10 (4th Cir. 1983). Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. *DesRosiers v. Moran*, 949 F.2d 15, 22 n.8 (1st Cir. 1991). It is especially important that a party file its motion before discovery cutoff. *American Motorists Insurance Co. v. General Host Corp.*, 162 F.R.D. 646, 647-48 (D. Kan.

---

1. The Court notes that thereafter Plaintiff was allowed to propound additional discovery requests, but such grant was carefully restricted in scope and time. Order Regarding Plaintiff's Motion For Leave to File in Excess of 25 Interrogatories and Demands For Production (Docket No. 89), entered November 24, 2004.

*Haase v. Government of the Virgin Islands*
2002-CV-110
Order Denying Defendant's Motion to Compel
Page 3

>  1995) (motion to compel denied where defendant made "absolutely no effort" to file motion before discovery deadline).

*Continental Industries, Inc. v. Integrated Logistics Solutions, L.L.C.*, 211 F.R.D. 442, 444 (N.D. Okla. 2002). *See also, e.g., Ayala-Gerena v. Bristol Meyers-Squibb, Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (where the appellate court ruled that the district court's denial of "what was clearly" an untimely motion to compel document production was not an abuse of discretion where movants "waited more than one month after a second extended discovery deadline had elapsed to properly request an order"); *Lloyd v. Waffle House, Inc.*, 347 F. Supp. 2d 249, 256 (W.D.N.C. 2004) (where the court flatly declares, " A motion to compel discovery must be filed within the discovery deadline"); *Capozzi v. Gale Group, Inc.*, Civil No. 3:00CV2129 (WWE), 2002 WL 1627626 (D. Conn. June 24, 2004) (where the court denied a motion to compel that was filed three days after a second extended discovery deadline); *Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.*, No. 99-2656-GV, 2001 WL 1910058 at *4 (W.D. Tenn. September 21, 2001) (where the court states "Moreover, the motion to compel was filed with the court on August 22, 2001, one day after the August 21, 2001 discovery deadline had passed. If for no other reason, the motion should be denied as untimely filed after the discovery deadline") (footnote omitted)). Consequently, the Court finds that Defendant's

*Haase v. Government of the Virgin Islands*
2002-CV-110
Order Denying Defendant's Motion to Compel
Page 4

motion to compel, filed well over four (4) years after the close of factual discovery and almost six (6) months after the close of depositions, is untimely.

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Compel Plaintiff and Plaintiff's Experts [sic] Depositions and to Compel Plaintiff to Respond to Defendant's Fourth Request For Production of Documents (Docket No. 159) is **DENIED**.

ENTER:

Dated: March 23, 2009  /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE